RENDERED:  DECEMBER 3, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0799-MR

BRIAN T. BATEY                                                                              APPELLANT

APPEAL FROM GREENUP CIRCUIT COURT
v.       HONORABLE JOHN F. VINCENT, SPECIAL JUDGE
ACTION NO. 11-CR-00231

COMMONWEALTH OF KENTUCKY                                               APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, GOODWINE, AND LAMBERT, JUDGES.

GOODWINE, JUDGE:  Brian T. Batey ("Batey") appeals from an order of the

Greenup Circuit Court denying his motion for post-conviction relief under CR[1]

60.02.  After careful review, finding no error, we affirm.

---

[1] Kentucky Rules of Civil Procedure.

On May 17, 2012, Batey pled guilty to first-degree robbery,[2] possession of a handgun by a convicted felon,[3] and being a first-degree persistent felony offender.[4] He negotiated a plea deal with the Commonwealth for twenty-two years on the robbery charge and ten years on the handgun charge, which were to run concurrently for a total sentence of twenty-two years.

On May 23, 2012, Batey moved to withdraw his guilty plea. The next day, the parties announced they reached a new plea agreement, and the circuit court allowed Batey to withdraw his original guilty plea. Batey entered a second guilty plea to the amended charge of second-degree robbery,[5] possession of a handgun by a convicted felon, and being a first-degree persistent felony offender. The final judgment indicated both of Batey's charges were enhanced to Class B felonies because he was a first-degree persistent felony offender. Batey was sentenced to a total of thirty years.

Six years later, on March 7, 2018, the circuit court entered an order amending the final judgment to remedy a clerical error. The court correctly identified both charges, second-degree robbery and possession of a handgun by a

---

[2] Kentucky Revised Statutes ("KRS") 515.020 (Class B felony).

[3] KRS 527.040 (Class D felony).

[4] KRS 532.080(6)(b).

[5] KRS 515.030 (Class C felony).

convicted felon, as Class C felonies. The order amending the judgment still reflected both charges were enhanced by Batey's status as a persistent felony offender and did not correct his sentence.

Then, Batey filed motions to set aside his guilty plea and to correct his sentence under RCr[6] 10.10. Batey argued his sentence should have been capped at twenty years instead of the thirty years he received. On November 15, 2018, the circuit court granted his request and orally amended the judgment to reduce his sentence to twenty years. On April 5, 2019, the original judge was disqualified, and a special judge was assigned to the case.

On December 12, 2019, Batey filed a CR 60.02 motion supplementing his previous argument about his sentence. Batey argued the original judgment was void because he received an illegal sentence pursuant to a plea agreement, and his conviction should be vacated. The Commonwealth responded that the court orally amended the judgment on November 15, 2018, but the original circuit judge recused before entering a written order. The Commonwealth argued the proper remedy was to enter an amended judgment correcting Batey's sentence to twenty years.

---

[6] Kentucky Rules of Criminal Procedure.

On February 14, 2020, the circuit court entered an order denying Batey's motion to vacate his sentence and amending his sentence to twenty years of imprisonment. This appeal followed.

On appeal, Batey argues: his conviction should be vacated under CR 60.02(f) because the judgment arose from an illegal plea agreement and was void as a matter of law. "We review the denial of a CR 60.02 motion under an abuse of discretion standard." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citing *Brown v. Commonwealth*, 932 S.W.2d 359, 361 (Ky. 1996)). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

In *Phon v. Commonwealth*, 545 S.W.3d 284 (Ky. 2018), the appellant pled guilty and agreed to a sentence that was not statutorily authorized. *Id.* at 304. The Supreme Court of Kentucky held "a sentence imposed beyond the limitations of the legislature as statutorily imposed is unlawful and void." *Id.* However, an illegal sentence is "void only as to the excess portion of the sentence" and is "correctable at any time." *Id.* at 305-06. "Whether recommended by an errant jury or by the parties through a plea agreement, a sentence that is outside the limits established by the statutes is still an illegal sentence." *Id.* at 302 (quoting *McClanahan v. Commonwealth*, 308 S.W.3d 694, 701(Ky. 2010)).

Here, the circuit court corrected the illegal sentence in the order on appeal. The order reduced Batey's sentence from a total of thirty years to the statutory maximum of twenty years. Contrary to Batey's argument that his entire conviction should be vacated, only the excess ten years of the statutory maximum of Batey's sentence was void under *Phon*. Thus, the circuit court correctly reduced Batey's sentence in satisfaction of KRS 532.110(1).

For the foregoing reasons, we affirm the judgment of the Greenup Circuit Court.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Jacquelyn "Jaye" Bryant-Hayes
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky